UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAWN ANDREWS,<br>    *Plaintiff*, <br><br>   v.<br><br>U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST 2006-WFHE3, ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2006-WFHE3; WELLS FARGO BANK, N.A.<br>    *Defendants*. | Civil No. 3:22-cv-456 (OAW)<br><br><br><br><br><br><br><br><br><br>JUNE 29, 2023 |

**RULING ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Dawn Andrews ("Plaintiff") brings this action for claims arising out of the foreclosure of her home located at 187 North Moodus Road in East Haddam, Connecticut ("Property").[1]  Plaintiff's complaint names two defendants: U.S. Bank National Association As Trustee For Citigroup Mortgage Loan Trust 2006-WFHE3, Asset-Backed Pass-Through Certificates Series 2006-WFHE3 ("USB") and Wells Fargo Bank, N.A. ("Wells Fargo") (together with USB, "Defendants").  Plaintiff alleges that Defendants initiated a foreclosure proceeding on the Property without having a valid assignment of the mortgage.  The complaint seeks $2 million in compensatory and punitive damages for the allegedly illegal foreclosure.  Defendants have moved to dismiss the complaint on the grounds that Plaintiff has failed to state a claim.  For the reasons stated herein, the motion hereby is **GRANTED.**

---

[1] Plaintiff states that she resides at "187 North Moodus Road, Moodus, Ct. 06459." Compl. ¶ 1, ECF No. 1. The court notes that Moodus is a neighborhood located within the town of East Haddam, Connecticut. *See* Town History, East Haddam, https://www.easthaddam.org/town-history (last visited Jun. 28, 2023).

1

I.   **BACKGROUND**

Plaintiff initiated this action by filing a complaint on March 28, 2022. Compl., ECF No. 1. In it, Plaintiff alleges that she is a resident of Wisconsin, but that she also resides at the Property in East Haddam. *Id.* ¶ 1. Additionally, she alleges that Defendants "fraudulently commenc[ed] an action against plaintiff in foreclosure[.]" *Id.* ¶ 2. Court records on the Connecticut Judicial Branch website reveal that on May 31, 2019, Defendant USB initiated an action against Plaintiff for the foreclosure of the Property. *U.S. Bank Nat. Assoc. v. Andrews*, Middletown Judicial District, Docket No. MMX-CV19-6025119-S (Conn. Super. Ct. May 31, 2019); *see also* Ex. A, ECF No. 10-1. On December 16, 2019, the Superior Court issued a judgment of foreclosure in USB's favor. Ex. C, ECF No. 10-1.

In her complaint, Plaintiff alleges that USB "did not have standing, the proper assignment of trust, [or] the jurisdiction or legal capacity" to initiate the foreclosure action. Compl. ¶ 6, ECF No. 1. She alleges that USB commenced the action "based upon knowingly fraudulent assignment of mortgages executed by fraudulent staff members[.]" *Id.* ¶ 8. Moreover, that USB allegedly "hid its lack of capacity to sue . . . prior to the action." *Id.* ¶ 9. In its complaint in the state foreclosure action, USB represents that on or about July 21, 2006, "Dawn Andrews . . . and Thomas Andrews, did execute and deliver to Wells Fargo . . . a Mortgage on the Property" in the amount of $292,000. Foreclosure Compl. ¶¶ 2, 4, Ex. B, ECF No. 10-1. Thereafter, the mortgage was assigned to USB "by virtue of an Assignment of Mortgage dated February 18, 2009." *Id.* ¶ 4. Because the mortgage was in default, USB brought an action to foreclose on the Property.

II.   **LEGAL STANDARD**

To withstand a motion to dismiss brought pursuant to Rule 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard is not a probability requirement; the pleading must show, not merely allege, that the pleader is entitled to relief. *Id.* Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Id.* "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). However, when reviewing a 12(b)(6) motion to dismiss, the court must draw all reasonable inferences in the non-movant's favor. *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012). The review is confined to the facts alleged in the operative complaint unless the court elects to convert the motion to dismiss to a motion for summary judgment, an action not taken here. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

### III.   DISCUSSION

Defendant seeks dismissal of Plaintiff's complaint on the grounds that it fails to adhere to federal pleading standards; specifically, it contends that the complaint contains "only conclusory statements unsupported by specific factual allegations." Def.'s Mem of Law, ECF No. 10-1. Plaintiff submitted a three-page response to the motion to dismiss,

3

arguing that the motion must be rejected, as neither it nor its memorandum of law was "notarized, sworn[ed] or affirm[ed]."[2]  Pl.'s Opp. ¶ 5, ECF No. 16 (alteration in original). However, Plaintiff did not respond to the motion's substantive arguments.

As an initial matter, the court notes that individual filings submitted by counsel need not be separately notarized.  Instead, the Local Rules require pleadings and other papers to be accompanied by a proof of service via "a certificate of counsel for the party filing the pleading or papers."  D. Conn. L. Civ. R. 5(c).  Here, Defendants' motion to dismiss and the accompanying memorandum of law contain the requisite certificates of service.  Mot. to Dismiss 2, ECF No. 10; Def.'s Mem. of Law 10, ECF No. 10-1.  Accordingly, Plaintiff's request to reject the motion to dismiss hereby is denied.

The court agrees that Plaintiff's conclusory allegations are insufficient to meet the court's plausibility standard.  *See Ashcroft*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").  Plaintiff contends that Defendants' conduct was "theft of equity," Compl. ¶ 5,  and that "the assignment of mortgage is defective, fraudulent and violated the due process rights of the plaintiff," *id*. ¶ 16.  However, the complaint is devoid of any factual allegations that would plausibly indicate that USB fraudulently obtained an assignment of Plaintiff's original Wells Fargo mortgage.  Plaintiff does not identify the misconduct in which USB or Wells Fargo actually engaged such that the foreclosure action was initiated without proper jurisdiction.  The complaint (without

---

[2] Defendants filed the instant motion to dismiss on May 16, 2022.  ECF No. On July 28, 2022, the court issued an order that Plaintiff show cause on or before August 11, 2022, as to why the case should not be dismissed for her failure to respond to the motion before the court's set deadline of June 6.  ECF No. 15. Rather than responding to the order to show cause, Plaintiff filed an opposition to the motion to dismiss on August 3, 2022.  ECF No. 16.  To the extent Plaintiff represents (under oath) that she missed the deadline to oppose the motion to dismiss "due to family emergencies and medical setbacks", *id.* ¶ 4, the court hereby accepts the late filing as Plaintiff's "excusable neglect."  Fed. R. Civ. P. Rule 6 (b)(1)(B).

4

any specificity, and in a conclusory fashion) merely states that "the defendants were engaging in unconstitutional actions." *Id.* ¶ 26.  Moreover, in anticipation of a motion to dismiss, the complaint further states that Plaintiff "has stated a claim for which relief can be granted." *Id.* ¶ 18.  To the contrary, Plaintiff has not plead any "factual content that allows the court to draw the reasonable inference that [Defendants are] liable" for any misconduct, let alone that USB fraudulently obtained an assignment of the mortgage on Plaintiff's Property.  *Ashcroft*, 556 U.S. at 678.

Defendants further argue that Plaintiff is barred from relitigating USB's completed foreclosure because of issue preclusion.  Def.'s Mem. of Law at 7, ECF No. 10-1. "Issue preclusion, also referred to as collateral estoppel, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to a prior judgment.'" *Cayuga Nation v. Tanner*, 6 F.4th 361, 374 (2d Cir. 2021) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001)).  Defendants have not demonstrated that the relevant issue in this case—whether USB has a valid assignment—actually has been litigated by a previous court.  Instead, they maintain that the issuance of a final judgment necessarily indicates that "USB was entitled to foreclose under the mortgage." Def.'s Mem. of Law at 8, ECF No. 10-1.  There is no evidence that the state court rendered a finding of fact as to USB's assignment, its standing, or any other issue of jurisdiction.  Instead, the foreclosure action proceeded to judgment by way of default, as Plaintiff never appeared in the state action to contest the foreclosure.  *See U.S. Bank Nat. Assoc. v. Andrews*, Middletown Judicial District, Docket No. MMX-CV19-6025119-S (Conn. Super. Ct. May 31, 2019); *see also* Ex. A, ECF No. 10-1.  "Issue preclusion attaches only in the case that 'an issue of fact or law is actually litigated and

determined by a valid final judgment' and not in the case when 'a judgment [is] entered by ... default.'" *Mario Valente Collezioni, Ltd. v. AAK Ltd.*, 280 F. Supp. 2d 244, 252 (S.D.N.Y. 2003) (quoting *Arizona v. California,* 530 U.S. 392, 414 (2000) (alteration in original). Thus, without evidence demonstrating that the issue already has been decided, this court cannot dismiss Plaintiff's complaint on the grounds of issue preclusion because the relevant issues were not *actually* litigated. However, dismissal is warranted when the complaint's allegations fail to plausibly state a claim for which relief may be granted.

## IV.   CONCLUSION

The complaint hereby is dismissed for its failure to adhere to federal pleading standards. Plaintiff is permitted to file an amended complaint on or before July 31, 2023, to clarify the factual claims showing that the foreclosure action was improper. Plaintiff's failure to file an amended complaint will result in the dismissal of this action in its entirety.

The Local Rules require parties to submit their 26(f) report within forty-four (44) days of a defendant's initial appearance. D. Conn. L. Civ. R. 26(f)(1). Defendant appeared in this action on April 12, 2022, but to date, the parties have not submitted their 26(f) report. If Plaintiff files an amended complaint, the parties hereby are instructed to please submit their 26(f) report within thirty (30) days thereafter.

**IT IS SO ORDERED.**  Entered at Hartford, Connecticut, this 29th day of June, 2023.

_____/s/_____
OMAR A. WILLIAMS
United States District Judge